UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VATCHAREE PRONSIVAKULCHAI | ) | |
| | ) | |
| Petitioner, | ) | No. 07 C 3320 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| PETER D. KEISLER, Attorney General of the | ) | |
| United States; JOHN P. TORRES, Acting Director | ) | |
| of the Office of Detention and Removal of U.S. | ) | |
| Immigration and Customs Enforcement; | ) | |
| DEBORAH ACHIM, Field Office Director, | ) | |
| U.S. Immigration and Customs Enforcement; | ) | |
| GLENN TRIVELINE, Supervising Detention | ) | |
| Officer, Detention and Removal; TOM SVOBODA | ) | |
| Corrections Chief, McHenry County Correctional | ) | |
| Facility, | ) | |
| | ) | |
| Respondents. | ) | |

## STIPULATION FOR DISMISSAL AND COMPROMISE SETTLEMENT

It is hereby stipulated by and between the undersigned Plaintiff, Vatcharee Pronsivakulchai, and the Defendants, by and through their respective attorneys, as follows:

1.      The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Dismissal and Compromise Settlement (hereinafter "Settlement Agreement").

2.      The parties agree that the above-captioned action should be dismissed in light of the parties' agreement to enter into this Settlement Agreement.

3.     Upon signing this Settlement Agreement, the parties agree that the following terms and conditions as set forth and governed by this agreement will apply to the plaintiff Vatcharee Pronsivakulchai and her guardians as well as the defendants U.S. Immigration and Customs Enforcement, (ICE) and their Chicago area agents and representatives which will oversee Ms. Pronsivakulchai 's custody throughout her immigration removal proceedings.

   a.     Ms. Pronsivakulchai has been released on parole granted by the defendants ICE, from McHenry County Jail on February 21, 2008, and defendants ICE have instructed her in person on the conditions of her release, as set forth in this Settlement Agreement and the attached "Release Notification," accompanying and incorporated into this Settlement Agreement as Addendum 1.

   b.     The ICE Chicago Field Office Director (FOD), Office of Detention and Removal Operations shall retain jurisdiction over Ms. Pronsivakulchai's custody and any and all alternatives to detention that may apply to her under the terms of this Settlement Agreement throughout the duration of her immigration case, that is, until an administratively final removal order. Upon the entry of any administratively final order of removal against Ms. Pronsivakulchai, her parole will automatically terminate consistent with 8 C.F.R. §212.5(e), and custody will be governed by section 241 of the Immigration and Nationality Act, as amended, and its regulations in 8 C.F.R. part 241.

   c.     Ms. Pronsivakulchai agrees to report once a week to the Chicago Field Office Director at the Chicago Field Office, Office of Detention and Removal Operations, 101 W. Congress Parkway, Chicago, Illinois 60605. Ms. Pronsivakulchai agrees that

2

she will be subject to the alternative to detention commonly known as "ankle bracelet" monitoring with conditions that were discussed with her on February 21 2008, at the Field Office Director's office. The parties hereby represent that Ms. Pronsivakulchai received written terms and conditions on the ankle bracelet monitoring, accompanying and incorporated into this Settlement Agreement as Addendum 2.

     d.     Failure by Ms. Pronsivakulchai to comply with the conditions of release set forth in this Settlement Agreement and accompanying addenda could result in the termination of her parole on written notice under 8 C.F.R. §212.5(e)(2) and re-detention of Ms. Pronsivakulchai by ICE.

4.     Ms. Pronsivakulchai agrees to voluntarily dismiss any and all claims, including her requests for her release that she has pursued during the course of the above-captioned proceedings.

5.     Ms. Pronsivakulchai and her guardians, heirs, executors, administrators or assigns hereby agree to accept the terms set forth in this Settlement Agreement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Ms. Pronsivakulchai and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States

3

of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens), rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by the plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States.

6.      This Settlement Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Ms. Pronsivakulchai.  This Settlement Agreement is entered into by all parties for the purpose of resolving this litigation and avoiding the expenses and risks of further court proceedings.

7.      It is also agreed, by and among the parties, that the respective parties will each bear their own costs, attorney's fees, and expenses.

8.      The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons or entities on whose behalf they are signing to the terms of the settlement.

9.      The parties agree that this Settlement Agreement, including all the terms and conditions of this Settlement Agreement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. §552a(b).

10.      It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party.  All such counterparts, signature pages, and addenda referenced herein, together shall be deemed to be one document.

Executed this 22nd day of February 2008.


PATRICK J. FITZGERALD, United States Attorney
U.S. Attorney's Office
Chicago, Illinois


By: s/Sheila McNulty
SHEILA McNULTY
Special Assistant United States Attorney
Attorney for Defendants


Executed this 22nd day of February, 2008

5

By: s/Stanley J. Horn
STANLEY J. HORN, ESQ.
Attorney for Plaintiff


Executed this 22nd day of February, 2008



                              Respectfully Submitted,

                              PATRICK J. FITZGERALD
                              United States Attorney

                              By:s/: Sheila McNulty
                              SHEILA McNULTY
                              Special Assistant United States Attorney
                              219 South Dearborn, Suite 500
                              Chicago, Illinois 60604
                              (312)353-8788